THE PRESIDENT, DIRECTORS & COMPANY OF THE FARMERS' AND MECHANICS' BANK OF MICHIGAN, *Appellees*,

*vs.*

DAVID H. GRIFFITH, *Appellant*, impleaded with JOHN GRIFFITH, HIRAM BROWN and JOSIAH R. DORR.

APPEAL IN EQUITY FROM MILWAUKEE CIRCUIT COURT.

After issue has been perfected, the proofs closed, the final argument fully made and the cause finally submitted, it is a wrong exercise of the discretion of the court to make an order remanding it to the files, with leave to amend, without any application for such order.

All matter strictly responsive to a bill in equity, whether affirmative or negative is evidence. But where the answer is direct to the allegation, either affirmative or negative, and in explanation or qualification, and the defendant sets up new matter to avoid the effect of his admission or denial, such new matter is not evidence.

The complainants filed their bill in this cause on the third day of September, 1849, and the defendants, being all non-residents, it was taken *pro confesso*, for the want of appearance. The defendant, David H. Griffith, on the 15th day of September, 1851, presented to the Circuit Court a petition for leave to file his answer, which was granted by that court on the 15th day of May, 1852, and thereupon he filed his answer, to which the complainants replied, and the cause came on to be heard on bill and answer, and replication and proofs, before the Circuit Court for Milwaukee county, on the 15th day of November, 1853, and on the 16th the judge of said Circuit Court made the order which is appealed from.

On the hearing, the complainants gave in evidence the record, showing the issuing of the attachment, the

Dec. Term 1853.

Farmers' & Mechanics' Bank vs. Griffith.

attaching of the property, and the issue and return of the execution and order of sale, and filing of the copy of the officer's return, as set forth in the bill, which was the only testimony in the case ; from which it appeared that the defendant in the attachment suit was not served with process, nor appeared in the suit, and that the judgment therein was rendered by default.

*Brown & Ogden*, for appellees.

I. The appellees contend that the court below, not having by its order passed upon any of the *merits* of the cause, this court could, if it should take jurisdiction over the appeal, simply consider the propriety of the order made, and not any other matter not necessarily involved in the order.  1 *Peters' Rep.* 620 ; 8 *Johnson's Rep.* 396 ; 8 *Johnson's Rep.* 544, *and* 14 *Johnson*, 527.

II. The matter rested in the discretion of the court below, and was not the subject of an appeal; the distinction in the cases being, that those orders of discretion affecting the merits of the case may be the subject of appeal; but not those establishing points of practice, or merely preparing a case for a final decree.  16 *Wend.* 369 ; 9 *John.*, 443 ; 1 *Gill & J.* 270.

III. But the order implies a right on the part of the appellant to dispute the relief asked for by the complainant, and ought not to be granted, unless the prior order of the court opening the decree was correct.  The propriety of the prior order must therefore be reviewed on this appeal.  2 *Cowen*, 195–208 ; 1 *id.* 691 ; 5 *id.* 719 ; 17 *John.* 548 ; 3 *Paige*, 6 *R.* 370.

IV. Under the statutes of Wisconsin, an appeal in

chancery carries up the case, (if on final decision, as contended by the appellant,) and this court can correct the order below, as well in favor of the appellee as of the appellant. *Rev. Stat. p.* 428 ; 1 *Munf.* 160.

V. The court below should have entered a decree in favor of the appellees. The answer, so far as it set up matter in avoidance, was no evidence for the defendants. 12 *Peters*, 178–189 ; 2 *Johns. Ch. R.* 62 ; 3 *Mason*, 378; *Baldwin's Rep.* 464 ; 5 *Humphrey*, 446 ; 1 *Munford*, 373 ; 14 *Vermont*, 178 ; 12 *Gill & J.* 365.

*Randall & Griswold*, for appellant.

The bill in this case cannot be sustained as a creditor's bill. The judgment set out in the bill is not evidence of a *debt* against John Griffith. 2 *McLean*, 473 ; *id.* 511 ; 4 *Blackf.* 417; 9 *Howard*, 336 ; 15 *J. R.* 121 ; 4 *Comst.* 516.

The attachment law under which these proceedings were had, does not authorize an execution; neither was one issued in this cause. *R. S.* 168, § 7.

The bill cannot be sustained as a bill to quiet title or remove a cloud. The complainant has no title to the property ; and the decree set out in the bill is no cloud or incumbrance upon the complainant's interest, because they were not parties to the suit. 1 *Paige*, 305 ; 9 *id.* 388.

*By the Court*, Smith, J. The defendant, David H. Griffith, appeals from the order of the Circuit Court made in the above entitled cause, after it had been submitted upon final argument by both parties.

It seems the case had been regularly brought to a final hearing, and proofs taken in open court ; the

DEC. TERM
1853.

Farmers' &
Mechanics'
Bank
vs.
Griffith.

cause elaborately argued and fully submitted; after which, instead of making a final decree, the court "remanded the case to the files," &c.

We are left wholly in the dark in regard to the view which the Circuit Court took of the case, and the reasons which induced such order. It does not appear that the complainant asked leave to amend his bill, or that the defendant sought any further testimony; nor does it appear that there was any impediment to the making a final decree, for want of the proper and necessary parties; but on the contrary, the case was ripe for a hearing, and fully matured, in the estimation of the counsel, and confidently submitted for a final disposition of the whole subject of litigation between the parties:

We are unable to discover upon what principle of equity jurisprudence, or rule of practice, this order was made. It was unasked by the parties, and is unexplained by the record.

It is said by the counsel for the complainant, on the argument here, that the " court below, being of the opinion that it must, in the then state of the case, give a decree in favor of the complainants, but that further time given to take testimony might aid the case of the defendant, David Griffith, gave time and continued the case, as a matter of favor to the appellant, and against the desire of the appellees."

We are not advised how the court below was informed that further time to take testimony would aid the case of the defendant. It seems that the proofs had been closed, and there was no application to open them. Why should this "favor" have been vouchsafed to the defendant unsolicited, when it was so repugnant to him that he sought to escape it by appeal,

DEC. TERM
1858.

Farmers' &
Mechanics'
Bank
*vs.*
Griffith.

and against the desire of the complainant? and why should this favor, thrust upon the defendant in spite of himself, and against the remonstrance of the complainant, be accompanied with leave to the latter to amend his bill; and this, too, against the will of the latter? The defendant had no more testimony to produce, and the complainant had no desire to continue the case and amend his bill, and the court below gives no reason for its order; and more than all, both parties had completed their final arguments, finally submitted the case, and awaited the decree of the court, determining the merits of the controversy. Surely, the practice here sought to be established is a novel one, and ought not to be sanctioned. It may sometimes happen, that after a cause has been submitted, the court finds itself unable to make a final decree, for want of the necessary parties before it. In such case the complainant's bill will be dismissed for that cause, unless he obtains leave to amend, which is sometimes granted upon terms. But we are not aware of any instance in which, after the proofs are closed, the cause argued and submitted, it has been " remanded to the files," to give the defendant an opportunity to aid his case by the production of further testimony, he stoutly resisting such order; or to give the complainant leave to amend his bill, he as stoutly repelling the proffered clemency.

The record, however, does not state that the order was made out of favor to the defendant or to the complainant; it does not state in what respect the bill was deemed defective, or in what the evidence of the defendant was defective. Aside from the information derived from the remarks of counsel in the argument, we can discover no motion for the order,

Dec. Term 1853.

Farmers' & Mechanics' Bank vs. Griffith.

nor object to be attained by it. It is clearly in violation of correct legal practice, irregular and unauthorized by law.

But it is said that the order was in the discretion of the court, and therefore not subject to appeal: establishing a rule of practice, or merely preparing the case for a final decree. The case was already prepared for a final decree. The issue was perfected, the proofs closed, the final argument fully made, and the cause finally submitted. What other or further steps were requisite in preparing the case for a final decree? Orders made in the discretion of the court are appealable, with perhaps few exceptions. It is the wrong exercise of the discretion of the court of which the party complains; if, indeed, the court had any discretion to make such an order at such a time and under such circumstances. And certainly, if it is designed, or may have the effect to establish a rule of practice, the appeal is not untimely.

We do not think the Circuit Court had authority to make the order; and if it had authority to make the order, it was improperly exercised, and that the order is erroneous and must be reversed. The case was ripe for a final decree, and such an one should the court below have made.

Again, it is insisted that this court ought now to review the former order of the court below, by which the defendant, David Griffith, was let in to answer, &c. That the petition of the said defendant to be let in with his answer was not presented in time to authorize the opening of the decree *pro confesso;* that therefore the decree of that court had become absolute, and should be so declared by this court.

The statute referred to (*O. R. S.* 1839, *p.* 289) pro-

vided, "in case any such absent defendant, against whom a decree shall be made as aforesaid, his heirs, devisees, executors, administrators or assigns, as the case may require, shall, within six months after notice shall be given him of such decree, or within three years after such decree shall have been made, if no notice as aforesaid shall have been given, petition the court touching the matter of such decree, and pay, or secure, or cause to be paid, such costs as the court may think reasonable to order and direct; then and in such case, the person aforesaid so petitioning, may be permitted to appear and answer the complainant's bill, and thereupon such proceedings shall be had as if such absent defendant had appeared in due season, and no decree had been made."

The decree was signed May 7, 1850. The petition was filed September 15, 1851. Nothing further appears to have been done in the matter until February 10, 1852, when the matter of the petition came on to be argued, and the court took time &c. May 10, 1852, the court ordered that the prayer of the petition be granted, and the same day the answer was filed. For the purpose of filing the petition the court was open at all times, but not for the hearing. The petition, for aught that appears, was filed within time, and the answer was filed as soon as the petition was passed upon by the court. We do not perceive any objection to the order to let in the defendant, nor any deviation from the requirements of the statute.

We come now to consider what was the duty of the court below, and what is the duty of this court in the present state of the case.

It was undoubtedly the duty of the court below to render a final decree. The cause having been finally

D*

Dec. Term
1858.

Farmers' &
Mechanics'
Bank
vs.
Griffith.

argued and submitted, it was too late for the court to make an order, sending the case back with leave to amend, without any application. The complainant does not here ask such leave; but, on the contrary, contends that the court below should have entered a decree in his favor; while the defendant is just as averse to any opportunity to produce more proof on his part, and earnestly insists that the court below should have entered a decree in his favor. If any further evidence that the cause was ready for adjudication than that furnished by the record were wanting, it is furnished by the attitude of the counsel for the respective parties, in their argument of the case on this appeal. The whole merits of the controversy have been thoroughly discussed, as they were in the court below, and little would be gained by the mere reversal of this order, and by sending back the case for the pronunciation of a final decree. Under these circumstances, and in view of the requirements of the statute, (*R. S. p.* 428, *chap.* 85, § 112,) it becomes our duty to take the whole case under consideration, and dispose of it finally.

The bill alleges the issuing an attachment out of the District Court of Milwaukee county, at the suit of the complainants, against the goods and chattels, lands and tenements, rights, credits, moneys and effects, of John Griffith and Hiram Brown; the levy of the writ upon the lands mentioned in the bill of complaint; that the suit was regularly prosecuted to judgment on the 9th day of November, 1847, in favor of the complainants, for the sum of $8,297.09 debt, and $2,452.23 damages, and $19.24 costs, and that the sum of $10,768.57 is due to the complainants upon said judgment, together with interest from its date; that on

Dec. Term
1853.

Farmers' &
Mechanics'
Bank
vs.
Griffith.

the 10th day of July, 1849, an alias order of sale was issued on said judgment, and placed in the hands of the sheriff, but that the complainants are prevented from having the full benefit of the attachment, judgment and order of sale, by reason of a cloud upon the title of said lots, and of certain fraudulent acts of the defendants in said suit, and their confederates ; that the legal title in the lots was, at the time of the attachment and for a long time afterwards, in Josiah R. Dorr, but the equitable title was in the said John Griffith, said lots having been purchased by said Dorr with the money and for the benefit of the said John Griffith ; that John Griffith, confederating with David Griffith, in order to cheat and defraud his creditors, and to prevent the sale of the lots to satisfy said judgment, gave out and pretended that he had sold a portion of the said lots to David, or all his interest therein, and that the said John and David, in September, 1848, filed their bill in chancery against Dorr, alleging the legal title to be in Dorr, but the equitable title to be in John Griffith, and that previous to the filing of the bill he had conveyed his interest to David, and that a decree was entered (Dorr not having answered) passing the title to David ; that the said pretended sale to David was made to defraud the creditors of John, and was intended as a mere cover ; that David knew of the attachment, &c. ; that he had never paid anything for said lots, and that David pretends to be the owner of said lots ; that by reason of the cloud thrown upon the title of the said John to the said lots, the complainants are injured, and will be deprived from deriving any benefit from the order of sale, and that persons will be deterred from purchasing under said order of sale ; that

Dec. Term 1853.

Farmers' & Mechanics' Bank vs. Griffith. said John, prior to the date of the attachment, had neither conveyed nor agreed to convey to the said David, by any instrument in writing, said lots, or any of them : claim that any agreement not in writing is void by the statute of frauds, &c.

The bill also propounds several distinct interrogatories to the defendants, among which and the only one necessary to be particularly noticed, is the second in order, which is as follows :

"When said David purchased said lots of said John, how much said David paid therefor to said John; when David made payments thereon, of what said payments consisted, whether of property or money, and what property?  Was any instrument in writing conveying said lots ever made ; when it was made, executed and signed ; set forth the instrument ; was the purchase money paid at the time such instrument was executed ; who were present when the said money was paid, was any one present ; who, since the execution of said instrument, has had the custody thereof ; who has it now ; why was it never put on record ? "

The answer of the defendant, David Griffith, sets forth that he had no personal knowledge of the facts contained in the bill in regard to the attachment, &c., nor any information thereof except by the bill ; denies information of the indebtedness of John Griffith to complainants, and denies, on information and belief, such indebtedness in fact.

And further answers, that long previous to the attachment suit, and on the 5th day of November, 1845, the said John Griffith, by an instrument in writing, sold and agreed to convey the said lots (describing them) in the bill mentioned, (except lot 11 in block 63, to which John never had any legal or equitable

title,) for $2000 ; that at the time of the purchase he Dec. Term 1853.
did not know that John was largely indebted and
could not pay his debts, but that he had a large amount Farmers' & Mechanics' Bank vs. Griffith.
of property, &c.  A copy of the written agreement is
set out and attached to the answer and made a part
of it.  The agreement is, to sell and convey the lots
by good and sufficient deed &c., by John, and by Da-
vid to pay therefor $2000 one year from date ; dated
Nov. 5, 1845, signed and sealed by the parties, and
witnessed by E. A. Burrows.  It is further averred,
that he, David, paid the said sum of $2000 to John,
in money, within one year from the date of the in-
strument.

It is unnecessary to pursue the answer further in
this place.  All of the material allegations are appa-
rently met, and no exceptions are taken to it for in-
sufficiency or other cause, but a general replication is
put in by the complainants, and the issue made up.

On the hearing, the complainants introduced proof
of the attachment, judgment, &c., and after argument,
the cause was submitted.

The bill purports to be for the removal of a cloud
upon the title to the lots in question, or in aid of an
execution at law.  Several objections are made to the
bill, which would have been very proper on demur-
rer, and which may likewise be urged on the hearing
after answer put in ; but it is not necessary to dispose
of them here.  It might perhaps be a question whether
the complainant here had such a title as would enable
him to apply to the court for relief of such nature, or
whether the facts set up are such as "to obstruct the
rays of legal science" in clearly discerning his right.
It is also a matter of interesting inquiry as to the
rights which a complainant acquires by proceedings

Dec. Term
1858.

Farmers' &
Mechanics'
Bank
vs.
Griffith.

in a case of foreign attachment to judgment, without personal service of process upon the defendant; or, how nearly an order of sale after judgment, of the property attached, assimilates to an execution so as to become entitled to the aid of a court of equity in removing obstructions to its complete service; or whether the attachment and subsequent judgment creates such a lien upon the property as must accrue upon property sought to be sold on execution, in order to justify an application to chancery for aid. We are relieved from the determination of these and similar questions by the answer of the defendant, David Griffith, which, in our opinion, is a complete defence to the bill, and meets by denial, or allegations responsive, all the equities of the bill.

It is claimed that there is no allegation in the stating part of the bill, to which a copy of the instrument is responsive, and that there is nothing in the interrogating part, to which such copy is responsive.

We think otherwise. In the stating part of the bill is the following: "And your orators are informed and believe, and so expressly charge the fact to be, that the said John, prior to the date of the said attachment, had neither conveyed nor agreed to convey to the said David, by any instrument in writing, said lots, or any of them," and in the interrogating part of the bill is the following: "was an instrument in writing between the parties, conveying said lots ever made; when was it made, executed and signed? set forth the instrument."

Both in the stating and the interrogating part of the bill, is the instrument in writing so referred to, that if the defendant had failed to respond to the allegation in the former, and the interrogatory in the

latter, his answer would have been liable to excep-
tion, and he would have been ordered and compelled
to supply the omission. And it was sufficient for the
defendant to set forth a copy. He was not obliged
to file the original with his answer. If the complain-
ant was not satisfied with the response of the defend-
ant, having filed his replication, it was competent for
him to rebut it by proof.

But it is claimed by the complainant that affirma-
tive matter in avoidance, though responsive to the
bill, is not evidence. Such, however, is not the rule.
All matter strictly responsive, whether affirmative or
negative, is evidence. But when the answer is direct
to the allegation or interrogatory, either affirmative
or negative, and in explanation or qualification, the
defendant goes on to set up new matter to avoid the
effect of his admission or denial, such new matter is
not evidence; as if the bill alleged that the defend-
ant, at a certain time and place executed a promissory
note, and the defendant in answer admits the execution
of the note, but sets up a want of consideration, or,
when the complainant calls for an account, and char-
ges receipt of money or property, and the defendant
admits the receipt of the money or property and sets
up matters in discharge, in such and similar cases, the
matter of avoidance or discharge is not strictly re-
sponsive, and must be proved. Such are the cases
cited in support of the proposition of the complain-
ant's counsel. But here it is alleged that there was
no instrument in writing, and the defendant is called
upon to answer whether there is or not, and to set it
forth if there be one, and he answers that there is, and
sets it forth. Can any thing be more directly respon-

Dec. Term
1853.

Farmers' &
Mechanics'
Bank
*vs.*
Griffith.

sive to the allegation and interrogatory? The defendant does not attempt to set up new matter to enlarge the effect of the instrument, or to give it a character different from its plain import. The complainant himself has made it evidence, and though not concluded by it, yet he must stand by it unless rebutted. He chose to address these matters to the conscience of his adversary, and having probed that conscience, he must abide the result unless he can disprove it, or establish the contrary.

Again; it is contended that this answer, or, in other words, the copy of the instrument given, is only secondary evidence, and cannot be used until the original is accounted for. And such, indeed, it would not be if the complainant had not made it so; but when he asked that the instrument should be set out in the answer, he asked for nothing else than a copy. The original could not be put in the answer, and if he had desired a higher degree of evidence than that which he could draw from the conscience of the party, he should have provided for it. The cases cited by the counsel apply to the voluntary offer of secondary evidence by a party, and have no application to the kind and degree of evidence produced in obedience to the call of the adverse party.

The answer, therefore, being evidence in this case, shows a purchase of the lands in good faith by David Griffith, long anterior to the suit in attachment against John Griffith and Hiram Brown, and of all the right, title and interest of John therein, and as the latter had no interest in the lands at the time of the service of the attachment, no title or lien was acquired by the complainants, and consequently there is no cloud

to be removed, and for the same reason there is no occasion for the interposition of a court of equity to aid the order of sale.

The complainant's bill as to the defendant David Grsffith must be dismissed.